**Rosmary BAKKER, Appellant,**

v.

**METROPOLITAN PEDIATRIC, P.A., Respondent.**

**No. C6–84–819.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Deborah K. Ellis, St. Paul, for appellant,

Dale M. Wagner, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from a summary judgment granted in favor of respondent. The trial court held that appellant's oral employment contract did not require good cause for discharge.

We affirm.

## FACTS

Rosmary Bakker has been employed with Metropolitan Pediatric since 1958. Both parties agree that she was under an oral "at-will" employment contract.

In 1982 a consultant was hired to improve clinic operations. He recommended Bakker be assigned a new post of patient advisor. Three months later he reported that Bakker would not cooperate with changes in front desk procedures. On March 31, 1983, she was terminated. Bakker received her accrued wages and severance pay.

Bakker sued, alleging an implied contract term requiring a good faith basis for termination. The trial court granted respondent's motion for summary judgment.

## ISSUE

Whether the contract between the parties includes a term that appellant would not be discharged without good cause.

## ANALYSIS

 Generally an at-will employment contract means that either party may terminate the contract at any time for any reason. Even promises of "permanent" employment and "career situations" may not amount to anything more than general policy statements. *Degen v. Investors Diversified Services, Inc.*, 260 Minn. 424, 110 N.W.2d 863 (1961); *Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 117 N.W.2d 213 (1962).

■ There may be certain limitations on terminations implied in an at-will contract. *Pine River State Bank v. Mettille*, 333 N.W.2d 622 (Minn.1983). In *Pine River* Mettille alleged the Pine River State Bank failed to follow the termination procedures outlined in a handbook which was distributed to all employees. The court used a unilateral contract analysis to find a definite offer by the employer and acceptance by the employee of the termination procedures. The *Pine River* court required clear evidence of an intent to include a limitation in the employment contract. They noted "[n]ot every utterance of an employer is binding." *Id.* at 630.

■ Bakker did not present any evidence to the trial court of an express offer and acceptance. She argues that it is implied in her long term of service and good performance reviews. This does not come near the standard of clarity set forth in *Pine River*. If this contract has an implied term of good cause before termination, then all at-will contracts contain an implied limitation of good cause. That is not the law of Minnesota.

Summary judgment is appropriate when there are no material facts in dispute, and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56. The only factual disputes here relate to the reasons for Bakker's termination. They are not material where there is no requirement of good cause. Since no evidence was presented to show a clear intent to offer and accept a good cause term in the contract, summary judgment was appropriately granted.

## DECISION

There is no implied term requiring good cause for job terminations in this oral at-will employment contract.

Affirmed.